## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT MICHIGAN

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:18-cv-00294-RJJ-PJB |
| ) | |
| v. ) | |
| ) | |
| JEREMY HALDER ) | |
| ) | |
| Defendant. ) | |
| ) | |

### PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12 and 56, hereby moves for the entry of an order striking Affirmative Defenses filed by Defendant, Jeremy Halder ("Defendant"), and files this memorandum in support.

### I.  INTRODUCTION

Defendant's Answer was filed on August 7, 2018 asserting three (3) Affirmative Defenses against Plaintiff's Amended Complaint.  *See,* Answer, CM/ECF 16, and Amended Complaint, CM/ECF 9.  Defendant's Affirmative Defenses are insufficient and/or improper for the reasons stated herein.  The defenses should be stricken pursuant to Fed. R. Civ. P. 12(f) because the defenses are barebone and do not provide adequate notice to Plaintiff, and no additional law or fact exists in support of these defenses.  Indeed, the lack of facts and legal theories does not provide Plaintiff with even the most basic notice. Defendant's defenses also fail as a matter of law.  For the foregoing reasons, as set forth below, Plaintiff respectfully requests the Court strike Defendant's affirmative defenses.

## II. ARGUMENT

### A. Legal Standard

The Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The decision whether to strike an affirmative defense is wholly discretionary." *Jeeper's of Auburn, Inc. v. KWJB Enterprise, LLC*, 2011 U.S. Dist. LEXIS 53492, 2011 WL 1899195, at *2 (E.D. Mich. 2011). Motions to strike affirmative defenses serve a useful purpose by eliminating spurious issues before trial, thereby streamlining the litigation. *Kelley v. Thomas Solvent Co.*, 714 F. Supp. 1439, 1442 (W.D. Mich. 1989). An affirmative defense is legally insufficient if "the defense cannot succeed under any circumstances." *Ameriwood Industries Int'l Corp. v. Arthur Andersen & Co.*, 961 F .Supp. 1078, 1083 (W.D. Mich.1997).

The Court has developed a three-part test to determine whether an affirmative defense should be stricken:

> "(1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge - in other words, if it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the complaint, the matter must be stricken as legally insufficient."

*FTC v. Mazzoni & Sons, Inc.*, No. 06-15766, 2007 U.S. Dist. LEXIS 60635 (E.D. Mich. Aug. 14, 2007) (internal citations omitted).

Further, "a wholly conclusory affirmative defense is not sufficient*." Int'l Outdoor, Inc. v. City of Southgate*, No. 2:11-CV-14719, 2012 U.S. Dist. LEXIS 85952 at * n15 (E.D. Mich. Apr. 26, 2012). "Like the plaintiff, a defendant also must plead sufficient facts to demonstrate a plausible affirmative defense, or one that has a reasonably founded hope of success." *Id.*

### B. Defendant's Affirmative Defenses are Insufficient and Should Be Stricken or Summarily Dismissed

a. <u>Defendant's First Affirmative Defense (Failure to State a Claim) Should be Stricken</u>

Defendant's First Affirmative Defense states nothing more than "Plaintiff has failed to state a cause of action against Defendant." This defense omits any plain statement of fact and fails to allege any elements of its claim.

Further, Defendant's First Affirmative Defense will not withstand a Rule 12(b)(6) challenge as Plaintiff does sufficiently state a claim by pleading that Defendant used the BitTorrent protocol to infringe Plaintiff's copyrights. To establish a claim of copyright infringement, a plaintiff must establish: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Malibu Media, LLC v. Doe*, 297 F.R.D. 323, 328 (W.D. Mich. 2012).In this case, Plaintiff has clearly pled a *prima facie* case of infringement. *See* Amended Complaint, CM/ECF 9. To establish ownership of a valid copyright, in its Amended Complaint, Plaintiff stated:

> Plaintiff owns the copyrights to the original works (the 'Copyrights-in-Suit'). An overview of the Copyrights-in-Suit, including each hit date, date of first publication, registration date, and registration number issued by the United States Copyright Office is set forth on Exhibit B.

*Id.* at ¶ 22. Plaintiff also described in detail how infringers use BitTorrent download and distribute copyrighted material. *Id.* at ¶ 10-16. Plaintiff further described how its investigator is able to connect to Defendant's IP address and downloaded files identified as the Plaintiff's copyrighted works. *Id.* at ¶ 17-21. Thus establishing that there was unauthorized copying of original elements of the Plaintiff's work.

Accordingly, Defendant having plead no sufficient affirmative defense. Plaintiff having

3

properly pled a *prima facie* case of copyright infringement, and failure to state a claim not being properly stated as an Affirmative Defense, Defendant's First Affirmative Defense fails on the face of the pleadings and should be stricken.

> b. Defendant's Second Affirmative Defense (Failure to Join Necessary Parties) Should be Stricken

For his Second Affirmative Defense, Defendant asserts that "Plaintiff has failed to name a necessary Party or parties to the action". Again, this Affirmative Defense fails to allege any elements of its claim or include any statement of facts, and therefore fails on its face.

Further, Defendant's Second Affirmative Defense should be stricken because Plaintiff has not failed to join an indispensable party and Defendant fails to identify or allege who the purported indispensable party that Plaintiff has failed to join might be. *See e.g. Hammer v. Peninsula Poultry Equip. Co., Inc.,* 2013 WL 97398, at *7 (D. Md. 2013) (holding "this particular defense should include not only the title of the defense but also the name of the party required to be joined, and, if possible, the required party's citizenship and a statement regarding the court's jurisdiction over the case if he were joined.") Here, Defendant clearly failed to plead such information.

Further, there are no additional parties required to be joined as a matter of law. Under Fed. R. Civ. P. 19(a)(1):

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A)  in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B)  that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i)  as a practical matter impair or impede the person's ability to protect the interest; or

    (ii)  leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*Id.* Here there are no persons required to be joined according to Rule 19 because "[t]o prevail against [Defendant], Malibu needs to prove that [he] downloaded its copyrighted material without authorization. The court will be able to adjudicate these matters and to 'accord complete relief' whether or not" other unknown individuals are present. *Malibu Media, LLC v. John Doe 1*, 2013 WL 30648, at *10 (E.D. Pa. 2013). Additionally, there are no other persons that can claim an interest in Defendant's actions in using BitTorrent to illegally infringe Plaintiff's works whose interest would be impaired or without whom Defendant would be left at risk of incurring double, multiple, or otherwise inconsistent obligations. *See Malibu Media, LLC v. Batz*, 2013 WL 2120412, at 84 (D. Colo. 2013) (same).

    *c. Defendant's Third Affirmative Defense (Reservation of Defenses) Should be Stricken*

 Defendant's Third Affirmative Defense is an attempt to reserve the right to add further affirmative defenses. Defendant should not be allowed to hold these proceedings in limbo with an open-ended ability to amend the Affirmative Defenses. Should Defendant need to add or amend the Affirmative Defenses in the future, a motion to the court is the proper avenue under Fed. R. Civ. P. 15. Defendant "cannot simply abrogate the Rules of Federal Procedure and hold the Court hostage to [its] inclination to later amend." *Hayes v. Agilysys, Inc.*, 2009 WL 891832, at *2 (N.D. Ill. Mar. 30, 2009). Accordingly, Defendant's Third Affirmative Defense should be stricken.

## III. CONCLUSION

 For each of the foregoing reasons, Plaintiff respectfully requests this Court grant Plaintiff's

Motion to Strike Defendant's Affirmative Defenses.

Dated: August 28, 2018                         Respectfully submitted,

                                      By:   /s/ *Joel A. Bernier*
                                            Joel A. Bernier, Esp. (P74226)
                                            49139 Schoenherr Road
                                            Shelby Township, MI 48315
                                            Tel: (586) 991-7611
                                            Fax: (586) 991-7612
                                            Email: Bbclawgroup@gmail.com
                                            *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                                      By: /s/ *Joel A. Bernier*